# In the United States Court of Federal Claims

No. 10-594L
(Filed: June 18, 2013)

| | |
|---|---|
| BISHOP, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER APPROVING PARTIES' PROPOSED SETTLEMENT, JOINT NOTICE PLAN, AND NOTICE FORMS AND SCHEDULING A FAIRNESS HEARING**

      Plaintiffs filed this class action Rails-to-Trails case on September 3, 2010, alleging the taking of plaintiffs' ownership interests in a 10.6-mile section of a rail corridor between Andover and Augusta, Kansas that was railbanked and made available for interim trail use under Section 8(d) of the National Trails System Act Amendments of 1983, 16 U.S.C. § 1247(d) (2012).  This case was certified as a class action on July 20, 2011.  The parties have now reached a comprehensive proposed settlement on all claims and all issues in this case, including attorneys' fees and costs.  The court is in receipt of the parties' joint motion for preliminary approval of the proposed settlement, notice plan and forms to class members of the proposed settlement, and the parties' request to set a date for a fairness hearing to be held by teleconference.[1]  After review of the parties' proposed class action settlement and the parties' proposed notice plan and forms, the court **GRANTS** the joint motion and **ORDERS** as follows:

---

[1] The proposed settlement is subject to approval by the authorized representative of the Attorney General and the Surface Transportation Board.  Defendant is now seeking such approval. Pending that approval, the parties have agreed to submit the proposed settlement to the court for judicial review and approval.

A.  **Proposed Class Action Settlement**

Under Rule 23(e) of the Rules of the United States Court of Federal Claims ("RCFC"), the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." In implementing RCFC 23(e), courts will typically first review the proposed settlement for a preliminary fairness evaluation and direct notice of the settlement to be provided to the class, and then grant final approval of the proposed settlement following notice to the class and a fairness hearing. Barnes v. United States, 89 Fed. Cl. 668, 670 (2009).

The parties' proposed settlement agreement fully and finally resolves all claims involved in this opt-in class action, including the fair market value of the property interests for the alleged taking, plus pre-judgment interest, and attorneys' fees and costs. The total settlement sum to include principal and estimated interest for the class at large is $1,587,232. The proposed settlement also provides for reimbursement of reasonable attorneys' fees and costs in the amount of $270,000 under RCFC 23(h)(1)-(3) and the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. § 4654(c). Class counsel further asks the court to approve an award of attorneys' fees and costs under its retainer agreement with plaintiffs. That agreement provides for a contingency fee of 33% of the total settlement award, defined as principal and interest. In this case, the contingency fee amounts to $523,786.56. The statutory fee of $270,000 will be applied to the contingency fee, meaning that the class will be responsible for payment to class counsel of $253,786.56 in addition to the statutory fee award. This amount will be deducted from the per claim awards on a pro rata basis.

At this stage, "[i]n deciding whether a settlement falls within the range of approval, courts have considered a variety of factors, among them: (i) whether the settlement agreement appears to be the product of serious, informed, non-collusive negotiations; (ii) whether it improperly grants preferential treatment to class representatives or other members of the class; (iii) whether counsel are experienced and have been adequately informed of the facts via discovery; and (iv) whether the agreement otherwise has obvious deficiencies." Barnes, 89 Fed. Cl. at 670. Upon review of the settlement agreement, the court does not find any deficiencies in the proposed settlement such that it may not be preliminarily approved. The proposal to settle the class action followed the court's liability ruling and is based on a joint appraisal process. The purpose of the joint appraisal process was to determine the fair market value of the plaintiffs' property interests held to have been taken, and have been calculated in a uniform fashion. There is no indication that the settlement agreement was the product of collusive negotiations or grants preferential treatment to certain members of the class. In addition, the settlement is the result of extensive negotiations between counsel experienced in this type of litigation. Based on these factors, the court preliminarily approves the proposed settlement agreement to allow class counsel to provide notice to

the class in accordance with RCFC 23(e) following required approval by the authorized representative of the Attorney General.

**B.     Notice Plan**

When parties propose to resolve a certified class' claims through settlement, RCFC 23(e) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal."  RCFC 23(e)(1).  After a review of the parties' proposed notice plan and notice forms, the court concludes that the parties' notice is reasonable and adequate to alert class members of their rights and obligations under the terms of the proposed settlement, and to afford them opportunity to comment on and/or object to the proposed settlement in advance of the fairness hearing.  The court therefore **APPROVES** the parties' notice plan and forms, as follows.

The parties will provide notice via U.S. mail for each named plaintiff and class member, and do not need to provide additional notice by publication.  The parties shall abide by the following notification schedule:

1. Following a decision from the authorized representative of the Attorney General regarding the proposed settlement, class counsel will mail the notice of the class action settlement to each named plaintiff and class member.  Class counsel shall file a copy of the final notice forms with the court when class counsel mails the final notice forms to the named plaintiffs and class members.

2. The parties' proposed notice includes a form that will allow class members to submit their comments and make any requests to speak at the fairness hearing in advance of the hearing.  The comment form must be submitted by the class members to class counsel no later than **July 19, 2013.**

3. Class counsel will serve the government with copies of all comments and requests to speak at the fairness hearing, and file copies of the comments and requests to speak with the court, no later than **July 24, 2013.**

4. RCFC 23(e)(2) provides that if a proposed settlement "would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate."  A fairness hearing is tentatively scheduled to take place by teleconference on **July 26, 2013 at 10:30 a.m. eastern standard time**.  Assuming approval from the authorized representative of the Attorney General, the court will issue a final order scheduling the fairness hearing and setting forth procedures for that hearing by **July 25, 2013.**

As noted, the parties' proposed settlement is subject to approval by the authorized representative of the Attorney General.  Once this decision is reached, the parties will file

a status report with the court that either confirms the schedule for providing notice or suggests further changes, if needed.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge
